IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MICHAEL HOPKINS, )
 )
            Plaintiff, )
 )
       v. )   No. 14-3192-SSA-CV-S-MJW
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
           Defendant. )

## **ORDER**

Plaintiff Michael Hopkins seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 16, 2015. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

After consideration of the parties' arguments and a review of the record, this Court finds the decision of the Administrative Law Judge (ALJ) is supported by substantial evidence in the record.[2]  After determining that the plaintiff has the residual functional capacity (RFC) to perform sedentary work with certain limitations, the ALJ concluded that the plaintiff could perform work in the national economy based on the Vocational Expert's (VE) testimony that a hypothetical person with the plaintiff's background and RFC could perform the jobs of production assembler, hand packager, office helper, and information clerk.  Plaintiff argues that the ALJ erred in relying on the VE's testimony because the Dictionary of Occupational Titles (DOT) lists the jobs identified as requiring reaching whereas one of the limitations in the plaintiff's RFC is no overhead reaching bilaterally.  Plaintiff contends this is an apparent conflict

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered.  Any arguments that are not specifically discussed in this order have been considered and determined to be without merit.  This Court finds there is substantial evidence in the record to support the decision of the ALJ.

2

between the DOT job descriptions and the VE's testimony that is not adequately explained in the record such that remand is required.

However, as pointed out by the Government, the VE proffered testimony that the jobs identified did not involve overhead reaching despite that this testimony was not affirmatively elicited by the ALJ. (Transcript of Oral Hearing dated 7/17/2012, Doc. 7-10 at 67 or Tr. 464). The VE further said "[n]o" when asked the following question by the ALJ—"Is there any other information you wish to provide with regard to whether or not the Claimant's or whether or not your testimony is in conflict with the DOT or inconsistent with the DOT?". Id. at 76 or Tr. 473. Upon review of the record, any inconsistencies between the DOT and the VE's testimony were sufficiently resolved. See Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir. 2014) (the ALJ complied with Social Security regulations where the "ALJ has posed a hypothetical that accurately reflects his RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony"). Consequently, this Court finds there is substantial evidence in the record to support the finding of the ALJ that plaintiff was not under disability as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 17th day of July, 2015, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge